DECISION AND JUDGMENT ENTRY
{¶ 1} Troy C. Jonas appeals the Scioto County Common Pleas Court's sentencing entry, which imposed maximum, consecutive sentences for two counts of Harassment by an Inmate, felonies of the fifth degree. Jonas contends that the trial court did not properly apply the sentencing statutes before it sentenced him to twelve months in prison on each count, and consecutive sentences. Because the entry sentencing Jonas shows that the trial court considered R.C. 2929.14(B) and R.C. 2929.14(C) before it imposed the twelve month sentences and R.C. 2929.14(E) before it imposed consecutive sentences, and because the Ohio Supreme Court has declared these parts of R.C. 2929.14 unconstitutional, we find Jonas' sentences void. See State v. Foster, 109 Ohio St.3d 1,2006-Ohio-856, paragraphs one and three of the syllabus and ¶103.[1] Accordingly, we vacate Jonas' sentences and remand this cause to the trial court for a new sentencing hearing.
 I. {¶ 2} On November 22, 2004, a Scioto County Grand Jury indicted Jonas for two counts of Harassment by an Inmate. Each count alleged that inmate Jonas spat upon two different Corrections Officers in May and August of 2004. A jury found Jonas guilty of both counts. The trial court considered several statutes, including R.C. 2929.14(B), R.C. 2929.14(C), and R.C.2929.14(E), before it sentenced Jonas to maximum, consecutive sentences.
 {¶ 3} Jonas appeals and asserts the following two assignments of error: I. "THE TRIAL COURT ERRED IN NOT FOLLOWING THE REQUISITE STATUTORY PROCEDURE BEFORE IT IMPOSED SENTENCE." And, II. "THE TRIAL COURT ERRED IN SENTENCING DEFENDANT TO CONSECUTIVE SENTENCES WITHOUT ALIGNING ITS FINDINGS WITH REASONS TO SUPPORT CONSECUTIVE SENTENCES."
 II. {¶ 4} In each of his assignments of error, Jonas asserts that the trial court did not properly apply the sentencing statutes. Therefore, we consider his assignments of error together.
 {¶ 5} R.C. 2929.14(B) and R.C. 2929.14(C) are unconstitutional because they require judicial fact-finding.Foster, supra, paragraph one of the syllabus. R.C.2929.14(E)(4) is unconstitutional because it requires trial courts to make findings based on facts that a jury has not determined beyond a reasonable doubt or a defendant has not admitted. Id. at paragraph 3 of the syllabus (citing Apprendi v.New Jersey (2000), 530 U.S. 466; Blakely v. Washington (2004),542 U.S. 296). Because the Foster court found R.C. 2929.14(B), (C), and (E)(4) unconstitutional, it determined that the sentences imposed in pending cases and those cases on direct appeal are void and must be remanded to the trial courts for resentencing. Id. at ¶ 103- ¶ 104.
 {¶ 6} Here, Jonas' case is on direct appeal. The trial court relied on R.C. 2929.14(B) and (C) before it imposed the maximum sentence for each offense. Likewise, the court relied on R.C.2929.14(E) before it imposed consecutive sentences. Therefore, we find that Jonas' sentences are void.
 {¶ 7} Accordingly, we vacate Jonas' maximum, consecutive sentences and remand this cause to the trial court for re-sentencing.
SENTENCES VACATED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the SENTENCES BE VACATED and THIS CAUSE REMANDED to the trial court with an instruction to re-sentence the defendant and that the costs herein be taxed to the Appellee.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure. Exceptions.
Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.
[1] We note that the trial court did not have the benefit of the Foster decision before it sentenced Jonas.